585 P.2d 306 (1978)
The PEOPLE of the State of Colorado, Plaintiff-Appellee,
v.
Warren L. JOHNSON, Defendant-Appellant.
No. 77-150.
Colorado Court of Appeals, Division III.
July 20, 1978.
As Modified on Denial of Rehearing August 10, 1978.
*307 J. D. MacFarlane, Atty. Gen., David W. Robbins, Deputy Atty. Gen., Edward G. Donovan, Solr. Gen., James S. Russell, Asst. Atty. Gen., Denver, for plaintiff-appellee.
Rollie R. Rogers, Colorado State Public Defender, Richard T. Casson, Deputy State Public Defender, Steamboat Springs, for defendant-appellant.
PIERCE, Judge.
Defendant, Warren L. Johnson, appeals his jury conviction of attempted second degree burglary and criminal mischief. We affirm the criminal mischief conviction, but reverse the conviction for criminal attempt.
The People's principal witness testified that on the night of June 7, 1976, she saw someone on a light colored bicycle ride up the sidewalk and driveway of the house across the street. During a brief period when the bicycle rider was out of the witness' sight, the witness heard what sounded to her like breaking glass. A few seconds later, she saw the cyclist ride back down the sidewalk and leave. At this point, the witness called the police. The police officer who responded to the call testified that, after obtaining a description of the cyclist from the witness, he located defendant some two blocks north of the scene, heading south. Other officers at the scene discovered a broken window on the southwest corner of the house.
We agree with defendant's contention that the trial court erred in not instructing the jury on the affirmative defense of abandonment, a recognized defense to criminal attempt. Sections 18-2-101(3) and 18-2-401, C.R.S.1973.
Since the evidence supports defendant's theory of abandonment, an instruction should have been given. People v. Mackey, 185 Colo. 24, 521 P.2d 910 (1974). We disagree with the People's contention that, because defendant was proceeding in the general direction of the house when he was apprehended, the defense of abandonment was unavailable to him under § 18-2-401(1), C.R.S.1973. Whether defendant was *308 only temporarily postponing the crime, or whether he had abandoned his efforts under circumstances manifesting a complete renunciation, is a matter for the trier of fact to decide after being properly instructed. See § 18-2-101(3), C.R.S.1973.
Nor do we accept the People's argument that abandonment is no defense since defendant had already committed the crime of attempted burglary before his abandonment. The People misconceive the nature of the affirmative defense of abandonment.
By the specific terms of the statute, § 18-2-101(3), C.R.S.1973, abandonment is an affirmative defense to an attempt crime. Consequently, even though, in a strict analytical sense, the crime of attempt is complete once the actor intentionally takes a substantial step towards the commission of the crime, nevertheless, the defense of abandonment is present if he thereafter voluntarily renunciates his criminal intent. See § 18-2-101(1), C.R.S.1973 (amended, effective July 1, 1977, 1977 Colo.Sess.Laws ch. 224, p. 960).
We have considered the balance of defendant's contentions, and find them to be without merit.
Defendant's conviction of attempted second degree burglary is reversed, and the cause is remanded for further proceedings consistent with this opinion. Because there is evidence in the record to support defendant's conviction of criminal mischief (§ 18-2-501, C.R.S.1973), and because abandonment is no defense to this completed crime, we affirm that conviction. See People v. Mayfield, 184 Colo. 399, 520 P.2d 748 (1974).
RULAND, J., concurs.
VanCISE, J., concurs in part and dissents in part.
VanCISE, Judge, concurring in part and dissenting in part:
I concur in the affirmance of the conviction of criminal mischief, but dissent from the reversal of the conviction of attempted second degree burglary.
Had defendant been charged with burglary, I would agree that there was evidence supporting the theory of abandonment. However, here the defendant was charged with attempted burglary. To be guilty of an attempt, the perpetrator must have engaged in "conduct constituting a substantial step toward commission of the offense," § 18-2-101(1), C.R.S.1973, that is, an overt act beyond mere preparation. Johnson v. People, 174 Colo. 413, 484 P.2d 110 (1971). But, this overt act need not be the last proximate act necessary to the completion of the substantive crime. People v. Goff, 187 Colo. 57, 530 P.2d 512 (1974).
Here, there was evidence that the defendant went up to the house, to a window hidden behind a big tree, and then broke the screen and the window with the intention of entering the house and committing a crime therein. If this evidence had not been believed, he would have been acquitted. If believed, guilt of the crime of attempted burglary would have been established, see § 18-4-203(1), C.R.S.1973, before there was any abandonment of his effort to commit the burglary. See § 18-2-101(3), C.R.S.1973. In other words, he may have abandoned his efforts to commit burglary itself, but this was after he committed attempted burglary.
Since the other evidence did not support abandonment as a defense to attempted burglary, defendant was not entitled to an instruction on this theory. People v. White, Colo., 553 P.2d 68 (1976).
The other alleged errors asserted by the defendant are without merit, so I would affirm the attempted burglary conviction.