The PEOPLE of the State of Colorado, Plaintiff-Appellant,

v.

Thomas E. TRAUBERT, Defendant-Appellee.

No. 80SA109.

Supreme Court of Colorado, En Banc.

March 16, 1981.

Dale Tooley, Dist. Atty., O. Otto Moore, Asst. Dist. Atty., Brooke Wunnicke, Chief Appellate Deputy Dist. Atty., Denver, for plaintiff-appellant.

No appearance for defendant-appellee.

HODGES, Chief Justice.

The People appeal the trial court's entry of a judgment of acquittal of the charges against the defendant Traubert. From our review of this record, we conclude that the trial court erred. The judgment of acquittal was entered on defendant's motion after the close of the People's case. Jeopardy has therefore attached and the defendant cannot be retried. Consequently, we can only disapprove the judgment of the trial court.

We normally disfavor an appeal by the People where trial is to a jury and the trial court enters a judgment of acquittal on a defendant's motion grounded on insufficiency of the evidence. Any decision rendered usually has no significant precedential value, and if the trial court did commit error, the defendant's acquittal cannot be reversed. The time and expense of such appellate review is non-productive. *People v. Kirkland,* 174 Colo. 362, 483 P.2d 1349 (1971). *See People v. Berry,* 198 Colo. 258, 598 P.2d 1044 (1979). In this case, however, the trial court error involves a basic misconception of renunciation and abandonment as an affirmative defense, section 18–2–101 (3), C.R.S. 1973 (1978 Repl. Vol. 8), and a misapplication of the guidelines set forth in *People v. Bennett,* 183 Colo. 125, 515 P.2d 466 (1973) which established the substantial evidence test as a basis for ruling on a motion for a judgment of acquittal at a jury trial.

The defendant was charged with attempted second-degree burglary, possession of burglary tools, and conspiracy to commit these offenses. These charges were tried to a jury.

The evidence presented by the People establishes these facts. Majestic Building Products occupies space in a building located across from the Rainbow Music Hall. A parking lot for the use of patrons of the music hall separates the two business establishments. On the evening in question, an employee of the music hall was checking the parking lot for the purpose of guarding the patron's cars. At about 7:50 p. m. while walking through the parking area, this employee observed two men, who appeared to be trying to break into the premises of Majestic Building Products. He testified that one man was trying to pull down on a window screen or pane while the other man appeared to be on watch and was looking out into the parking lot and toward the music hall. The employee walked slowly toward the music hall and summoned two police officers who were on duty at the music hall. The employee had the two men continuously in sight during all this time. The officers ran across the parking lot and promptly apprehended and arrested the two men, one of whom was the defendant.

Both officers testified that as they were approaching the scene, the two men were walking hurriedly away. The officers intercepted the men at a point approximately

30 feet from the window, which was later noted to have its security screen hanging ajar. One of the officers testified that he saw the men drop objects behind them. This officer testified that he retrieved the objects which were a large screwdriver and a pair of rubber gloves.

At the close of the People's case, defense counsel in argument on the motion for judgment of acquittal, raised the affirmative defense of abandonment as described in section 18–2–101 (3), C.R.S. 1973 (1978 Repl. Vol. 8). The People, in effect, conceded that this defense was available to the defendant. *See* section 18–1–407 (1), C.R.S. 1973 (1978 Repl. Vol. 8). Purportedly applying the *People v. Bennett, supra,* standard for granting a motion for judgment of acquittal, the trial court then ruled that the prosecution failed to meet its burden of proof and entered a judgment of acquittal as to each of the counts. The People appealed pursuant to section 16–12–102, C.R.S. 1973 (1978 Repl.Vol. 8). The principal question presented is whether there was insufficient evidence presented by the People to rebut the defendant's affirmative defense of abandonment. The question is also presented whether there was sufficient evidence, under the standards set forth in *Bennett v. People, supra,* to submit each of the charges to the jury.

Although unclear from the record, it can only be assumed that the trial court regarded the testimony, that the defendant and his partner were hurriedly walking away from the scene when apprehended, as conclusive evidence that the defendant had abandoned his effort to commit the burglary. In all other respects our review of the record reveals sufficient and substantial evidence to withstand a motion for judgment of acquittal.

Although the People's evidence may have raised the opportunity for the defendant to assert this affirmative defense, the People's evidence did not establish that reasonable minds could only conclude that the defendant had abandoned his effort to commit the crime "under circumstances manifesting the complete and voluntary renunciation of his criminal intent" in accordance with section 18–2–101(3). As clearly indicated from the evidence, the defendant was leaving the scene of the crime because he and his partner had been detected and police officers were in view. Such an inference could certainly have been made by the jury. Section 18–2–401 [1] specifically provides that renunciation and abandonment cannot be an affirmative defense if motivated in whole or in part by a belief that circumstances exist which increases the probability of detection or apprehension.

Based upon the posture of this case, and the evidence in the record, it was for the jury and not the trial court to determine whether this defendant had abandoned his effort to commit the crime. Where an issue of renunciation and abandonment is before a jury, proper instructions on this affirmative defense must be given to the jury. *See* section 18–2–101(3) and section 18–2–401, C.R.S. 1973 (1978 Repl. Vol. 8). *See also People v. Johnson,* 41 Colo.App. 220, 585 P.2d 306 (1978).

At a jury trial, a trial court when presented with a motion by a defendant for a judgment of acquittal, must determine whether "the relevant evidence, both direct and circumstantial, when viewed as a whole and in the light most favorable to the prosecution, is substantial and sufficient to support a conclusion by a reasonable mind that the defendant is guilty of the charge beyond a reasonable doubt." *People v. Bennett, supra.* In so doing, full consideration must be given to the right of the jury to "determine the credibility of witnesses, the

---

1. *18–2–401. Nonavailability of defenses.* (1) Renunciation and abandonment are not voluntary and complete so as to be a defense to prosecution under this article if they are motivated in whole or in part by:

   (a) A belief that a circumstance exists which increases the probability of detection or appre-

hension of the defendant or another or which makes more difficult the consummation of the crime; or

   (b) A decision to postpone the crime until another time or to substitute another victim or another but similar objective.

weight to be afforded evidence, as well as the right to draw all justifiable inferences of fact from the evidence." *Id. People v. Bennett, supra,* sets forth sound and generally accepted rules which must be carefully considered before deciding whether to grant or deny a defendant's motion for judgment of acquittal. From this record, it is clear that the trial court did not apply the law as spelled out in *People v. Bennett, supra,* when it acquitted the defendant of all charges.

The trial court erred and therefore its judgment acquitting the defendant is disapproved.