**The PEOPLE of the State of Colorado,**
**Plaintiff–Appellee,**

v.

**Chayne Anthony SCIALABBA,**
**Defendant–Appellant.**

No. 00CA0472.

Colorado Court of Appeals,
Div. V.

Feb. 28, 2002.

Certiorari Denied Sept. 23, 2002.

Ken Salazar, Attorney General, Michelle L. Prince, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

David S. Kaplan, Colorado State Public Defender, Thor Y. Inouye, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellant.

Opinion by Judge NIETO.

Defendant, Chayne Anthony Scialabba, appeals the judgment of conviction entered upon a jury verdict finding him guilty of tampering with a witness and violation of a restraining order. We affirm.

In December 1998, defendant was arrested for assault, and a mandatory restraining order was issued prohibiting defendant from directly or indirectly communicating with the victim, who had been his girlfriend. On the day the restraining order issued, defendant wrote a letter to "Brittany Lynnwards." The letter was mailed to the victim's address. While "Brittany Lynnwards" is not the victim's name, the victim testified that defendant had invented that name for her and had referred to her by it in the past. The victim also testified that she believed the letter was intended for her. The letter stated that if the victim did not appear in court, then the charges against defendant would be dropped, and "that would be [the victim's] way of making things good with [defendant]."

In February 1999, defendant was charged with one count of violation of a restraining order and two counts of tampering with a witness. One count of tampering with a

witness was later dismissed. Defendant pleaded not guilty on March 29, 1999, and trial was set for September 22, 1999. On September 16, 1999, the prosecution filed a motion to continue the trial on the ground that the victim would not be available for trial as originally scheduled. The trial court granted the motion over defendant's objection, and a jury trial was held on November 17, 1999. Defendant was convicted on both counts and now appeals the judgment of conviction.

## I.

Defendant contends the trial court violated his statutory and constitutional rights to speedy trial. Specifically, he argues that the delay caused by the prosecution's motion to continue the trial should not be excluded from the speedy trial period because the prosecution failed to comply with the requirements of § 18–1–405(6)(g)(I), C.R.S. 2001. We disagree.

### A.

■ Under § 18–1–405, C.R.S.2001, a defendant has the right to be brought to trial within six months following his plea of not guilty. However, certain periods of time may be excluded from the time computation for speedy trial purposes. Among the excluded time periods is the delay, not exceeding six months, resulting from a continuance granted at the request of the prosecution, without the consent of the defendant, if (1) material evidence is unavailable; (2) the prosecution has exercised due diligence to obtain the evidence; and (3) there are reasonable grounds to believe the evidence will be available at a later date. Section 18–1–405(6)(g)(I). Whether this exclusion applies and permits a continuance beyond the original speedy trial period is a determination committed to the sound discretion of the trial court. *See People v. Koolbeck,* 703 P.2d 673 (Colo.App.1985).

It is uncontested that the testimony of the victim was material to the prosecution's case. It is also uncontested that on the original trial date she was in Florida and unavailable because she was in an advanced stage of pregnancy.

Defendant argues that the prosecution did not exercise due diligence to obtain the presence of the victim because they knew she was pregnant when the trial was scheduled and they did not have her under subpoena. We are not persuaded.

■ The prosecution asserted to the trial court that when the trial was originally scheduled, it was anticipated that the victim would have delivered her baby and been available for trial. Defendant did not challenge this assertion or suggest any bad faith by the prosecution in scheduling the original trial date. Under these circumstances, the trial court did not err by finding that the prosecution's prior knowledge of the victim's pregnancy was not evidence of a lack of due diligence.

We are also not persuaded by defendant's argument that the absence of a subpoena required a finding of lack of due diligence. The victim was cooperative and in fact appeared for the rescheduled trial two months later. The trial court found that the prosecution exercised due diligence and that the extension of the victim's pregnancy beyond her original expected due date was the cause of her nonappearance. The trial court further found no evidence that she "would not have appeared post partum but for the extension [of her pregnancy]." This determination was not an abuse of discretion. *See People v. Wolfe,* 9 P.3d 1137 (Colo.App.1999)(no abuse of discretion in finding due diligence when extenuating circumstances excused prosecution's failure to serve a valid subpoena on out-of-state witness).

### B.

■ Defendant also argues that the trial court violated his constitutional right to a speedy trial. However, in the trial court, defendant based his speedy trial objections solely on his statutory right to be tried within six months, and he did not ask the court to determine whether, under the applicable four-part balancing test of *Barker v. Wingo,* 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), and *People v. Small,* 631 P.2d 148 (Colo.1981), the delay in this case violated the

state and federal constitutions. Thus, defendant is precluded from raising the issue for the first time on appeal. *See People v. Cagle*, 751 P.2d 614 (Colo.1988)(it is axiomatic that an appellate court will not consider constitutional issues not raised in the trial court).

Accordingly, we conclude that defendant's speedy trial rights were not violated.

## II.

Defendant next contends that the trial court committed reversible error when it refused to instruct the jury on the affirmative defense of abandonment with respect to the charge of tampering with a witness. We disagree.

■ Section 18–8–707(1), C.R.S.2001, provides in part:

A person commits tampering with a witness or victim if he intentionally attempts without bribery or threats to induce a witness or victim . . . to:

(a) Testify falsely or unlawfully withhold any testimony; or

(b) Absent himself from any official proceeding to which he has been legally summoned; or

(c) Avoid legal process summoning him to testify.

"Under the statute, it is not necessary that the defendant succeed in his attempt or actually induce the witness to do anything." *People v. Moyer*, 670 P.2d 785, 791 (Colo.1983)(interpreting identical predecessor statute to § 18–8–707).

■ The following evidence was obtained from recordings of defendant's telephone calls from the jail. Approximately one month after defendant mailed the letter to the victim's address, he asked his mother to tell the victim not to appear in court. Defendant later told his mother that if she had not already spoken with the witness, she should refrain from doing so. At trial, defendant argued that his request that his mother refrain from contacting the victim was evidence that he had abandoned his effort to contact the victim, and therefore the jury should be instructed on the affirmative defense of abandonment. The trial court denied defendant's

request because it concluded that the evidence showed that defendant had already completed the crime of tampering with a witness at the time of the alleged abandonment.

The essence of the crime of tampering with a witness is an intentional attempt to interfere with a witness, without regard to the success or failure of the attempt. Therefore, we agree with the trial court and conclude that defendant could not have abandoned the crime of tampering with a witness once he attempted to influence the victim in a manner proscribed by § 18–8–707(1), because the crime was completed when the attempt was made. *See People v. Marmon*, 903 P.2d 651, 654 n. 2 (Colo.1995)("Abandonment and renunciation of criminal purpose are not affirmative defenses to completed crimes."); *People v. Johnson*, 41 Colo.App. 220, 585 P.2d 306 (1978)(abandonment is no defense to the completed crime of criminal mischief); *see also Hubbard v. State*, 210 Ga.App. 141, 435 S.E.2d 709 (1993)(a person cannot abandon an already completed crime); *Barnes v. State*, 269 Ind. 76, 378 N.E.2d 839 (1978)(same).

Defendant contends that he was entitled to assert the affirmative defense of abandonment provided in § 18–2–101(3), C.R.S.2001, the statute defining the inchoate crime of criminal attempt. Because the crime of tampering with a witness is defined as attempting to interfere with a witness, defendant argues that the abandonment defense provided in § 18–2–101(3) applies. We disagree.

The General Assembly specifically limited the affirmative defense of abandonment in § 18–2–101(3) to "a charge under this section." Absent some legislative intent to apply the defense to tampering with a witness, an intent that we do not discern, it has no application to that crime.

As noted above, generally a defendant cannot abandon a completed crime. However, the General Assembly has the prerogative to formulate and limit affirmative defenses. *People v. Salazar*, 920 P.2d 893 (Colo.App.1996). "[I]n a strict analytical sense, the crime of attempt [under § 18–2–101] is complete once the actor intentionally takes a substantial step towards the com-

mission of the crime," but nonetheless, the statute makes abandonment an affirmative defense to the inchoate crime of criminal attempt under § 18–2–101. *People v. Johnson, supra,* 41 Colo.App. at 222, 585 P.2d at 308. Therefore, because § 18–2–101(3) is specifically limited and no other legislative enactment makes abandonment an affirmative defense to tampering with a witness, the general rule that the defense of abandonment is not available for completed crimes applies here.

Accordingly, we conclude that the trial court correctly denied defendant's request for a jury instruction on the affirmative defense of abandonment.

### III.

Defendant also contends that the evidence was insufficient to convict him of violation of a restraining order. He specifically argues there was no evidence that the restraining order was in effect at the time the letter was sent because the letter was dated the same day that the restraining order was issued. Again, we disagree.

In determining the sufficiency of the evidence, a reviewing court must determine whether the evidence, viewed as a whole and in the light most favorable to the prosecution, is sufficient to support a conclusion by a reasonable person that the defendant is guilty beyond a reasonable doubt of the crime charged. *Kogan v. People,* 756 P.2d 945 (Colo.1988).

There was significant evidence showing that defendant attempted to conceal his contact with the victim. As previously noted, on the same day the restraining order was issued, defendant wrote a letter to "Brittany Lynnwards" at the victim's address. The victim testified at trial that defendant had referred to her in the past by that name and that the letter was intended for her. There was also evidence that defendant had said he was going to "put out there" that he wrote the letter the night he was arrested, which was four days before the restraining order issued, and that the letter was to his sister. There was no evidence that defendant had a reason to conceal his contact with the victim

other than his knowledge of the restraining order. This evidence was sufficient to support a conclusion by a reasonable person that defendant was concealing his contact with the victim because he was aware that the restraining order had been issued at the time the letter was written.

Accordingly, there was sufficient evidence to support defendant's conviction for violation of a restraining order.

### IV.

Defendant next contends that his right to due process and to a trial by jury were violated because the trial court failed to instruct the jurors that they must unanimously agree on the acts committed by defendant. Specifically, he argues that the prosecution presented evidence of two separate incidents of contact with the victim but did not elect which incident was the basis for the charge of tampering with a witness. We are not persuaded.

Defendant did not object to the jury instructions at trial and raises this issue for the first time on appeal. An appellate court will not pass upon issues that have not been presented to the trial court by contemporaneous objection unless the alleged error constitutes plain error. "Plain error occurs when, after review of the entire record, a court can conclude with 'fair assurance that the error so undermined the fundamental fairness of the trial itself as to cast serious doubt on the reliability of the judgment of conviction.'" *Moore v. People,* 925 P.2d 264, 269 (Colo.1996)(quoting *People v. Kruse,* 839 P.2d 1, 3 (Colo.1992)).

[W]hen there is evidence of many transactions, any one of which would constitute the offense charged, the prosecution may be compelled to select the transaction on which it relies for a conviction or, in the alternative, the jurors should be instructed that in order to convict the defendant they must either unanimously agree that the defendant committed the same act or acts or that the defendant committed all the acts described by the victims and included within the period charged. Nevertheless, such an election or instruction is not necessary when the crimes charged occurred in a single transaction.

**212**

*People v. Thurman,* 948 P.2d 69, 71 (Colo. App.1997).

Defendant notes that the prosecution presented evidence of the letter mailed to the victim's address suggesting that the victim not appear at trial and evidence of a subsequent telephone conversation during which defendant told his mother to tell the victim not to appear at trial. He argues that the jury could have convicted him on the charge of tampering with a witness for either instance and therefore may not have unanimously agreed on which of the two acts constituted tampering.

■ However, the prosecution argued to the jury that the letter was the basis for the tampering charge and that defendant's subsequent actions, including the phone call to his mother, demonstrated his intent to keep the victim from testifying at trial. Defendant's intent was an element of the crime of tampering with a witness. *See* § 18–8–707, C.R.S.2001. Given the prosecution's argument and the fact that at trial defendant did not perceive any confusion in the evidence that would raise a unanimity issue, we are not persuaded that the lack of an instruction casts doubt on the reliability of the verdict.

We find no plain error under these circumstances.

### V.

■ Defendant next contends that the statutory scheme classifying tampering with a witness as a class four felony while classifying attempted bribery of a witness as a class five felony violates his right to equal protection.

However, defendant did not raise this issue in the trial court. Therefore, we decline to consider it. *See People v. Cagle, supra; People v. Boyd,* 30 P.3d 819 (Colo.App.2001)(declining to consider equal protection argument not raised in trial court).

The judgment is affirmed.

Judge DAVIDSON and Judge CASEBOLT concur.