2012 CO 9

**Michael P. O'SHAUGHNESSY, Petitioner**

v.

**The PEOPLE of the State of Colorado, Respondent.**

**No. 10SC350.**

Supreme Court of Colorado,
En Banc.

Feb. 13, 2012.

Office of the State Public Defender, Douglas K. Wilson, State Public Defender, Andrew C. Heher, Deputy Public Defender, Denver, Colorado, Attorneys for Petitioner.

Office of the Attorney General, John W. Suthers, Attorney General, Jennifer A. Berman, Assistant Attorney General, Denver, Colorado, Attorneys for Respondent.

Justice RICE delivered the Opinion of the Court.

## I. Introduction

¶ 1 We granted certiorari in this case to review whether the court of appeals imposed an unauthorized restriction on the affirmative defense of abandonment when it held that a defendant was not entitled to a jury instruction on abandonment when charged with attempted first degree murder with a deadly weapon or with attempted aggravated robbery once the defendant injured the victim. *People v. O'Shaughnessy*, —— P.3d ——, —— - ——, 2010 WL 1491646 (Colo.App. 2010). We hold that to present an affirmative defense of abandonment of an attempt crime for jury consideration the defendant must present "some credible evidence" on the issue. Further, we hold that having injured the victim does not necessarily foreclose the affirmative defense of abandonment. Nonetheless, we agree that here the defendant was not entitled to a jury instruction on the affirmative defense of abandonment because the defendant failed to present sufficient evidence. Accordingly, we affirm.

## II. Facts and Proceedings Below

¶ 2 Uncontroverted evidence presented at trial showed that Geri David was attacked in the parking lot of a grocery store on the morning of September 13, 2004, by a man she later identified as Michael O'Shaughnessy. She was approached from behind by O'Shaughnessy, who was brandishing a six-inch hunting knife with a serrated blade. He held the knife to her face and ordered her into her car. She sat in the driver's seat with her feet outside of the car and kicked at her assailant to ward off the attack. As she lashed out at him, he stabbed her with the knife, causing injury to the right and left sides of her neck and throat, to her left thigh, and to her hand.

¶ 3 At that point, O'Shaughnessy said, "You're going to die," and demanded her money. David told him she did not have any money and turned toward the floor of the passenger seat to look for her purse. When she turned back, O'Shaughnessy was gone. He did not reach for or take the purse.

¶ 4 A jury convicted O'Shaughnessy of attempted first degree murder with a deadly weapon, attempted aggravated robbery, second degree assault, false imprisonment, reckless endangerment, and a violent crime sentence enhancer. The trial court imposed consecutive sentences for the crimes of attempted murder, attempted aggravated robbery, and second degree assault. During the

course of the trial, O'Shaughnessy requested a jury instruction on the affirmative defense of abandonment. The trial court denied the request.

¶ 5 We granted certiorari to determine whether the court of appeals imposed an unauthorized restriction on the affirmative defense of abandonment.

## III. Analysis

¶ 6 The issue before this Court is whether the court of appeals imposed an unauthorized restriction on the affirmative defense of abandonment when it held that a defendant is not entitled to a jury instruction on abandonment when charged with attempted first degree murder with a deadly weapon, or with attempted aggravated robbery, once the defendant has injured the victim. We hold that a defendant must present "some credible evidence" on the issue involving the claimed defense in order to merit a jury instruction on the affirmative defense of abandonment for criminal attempt. We additionally hold that evidence showing that the defendant injured the victim does not necessarily foreclose the defendant's ability to present the abandonment defense to the jury. Nonetheless, we agree with the court of appeals' conclusion that here the defendant was not entitled to a jury instruction on the affirmative defense of abandonment because the defendant failed to present sufficient evidence.

### A. Section 18–2–101—Attempt Crimes

¶ 7 Under section 18–2–101(1), C.R.S. (2011), a person commits criminal attempt if "he engages in conduct constituting a substantial step toward the commission of the offense." A substantial step is any conduct "which is strongly corroborative of the firmness of the actor's purpose to complete the commission of the offense." *Id.*

 ¶ 8 The statute goes on to provide that a defendant may assert the affirmative defense of abandonment to the crime of attempt when the defendant "abandon[s] his effort to commit the crime or otherwise prevent[s] its commission ... under circumstances manifesting the complete and voluntary renunciation of his criminal intent." [1] § 18–2–101(3).

¶ 9 Thus, under the statute, though the crime of attempt is complete once the actor takes a substantial step toward the commission of the crime, the affirmative defense of abandonment applies if the actor completely and voluntarily renunciates his criminal intent thereafter. § 18–2–101(1), (3). *See also People v. Johnson*, 41 Colo.App. 220, 585 P.2d 306, 308 (1978).

 ¶ 10 This tension between completion by a substantial step and a subsequent complete voluntary renunciation of criminal intent gives rise to the issue before this Court. Though the abandonment defense "may apply at various stages, early and late, in the commission of attempted crimes," it is not unlimited. *See People v. Gandiaga*, 70 P.3d 523, 528 (Colo.App.2002) (finding that the facts of the case did not support an abandonment defense). Once the attempt has been completed by putting into motion forces the actor can no longer stop, it cannot be abandoned. *Id.* (quoting Model Penal Code and Commentaries § 5.01 cmt. at 360 (1985)). *See also People v. Traubert*, 625 P.2d 991, 992 (Colo.1981) (deciding that a defendant should not have been granted a motion for judgment of acquittal based on his affirmative defense of abandonment because the People had presented sufficient evidence to raise a question for the jury); *People v. Scialabba*, 55 P.3d 207, 210 (Colo.App.2002) (abandonment is not available as an affirmative defense to tampering with a witness once the defendant attempted to influence a witness because the charged crime was complete by the attempt); *People v. Nicholas*, 950 P.2d 634, 637 (Colo.App.1997) *rev'd on*

---

1. Section 18–2–401, C.R.S. (2011), provides:
 (1) Renunciation and abandonment are not voluntary and complete so as to be a defense to prosecution under this article if they are motivated in whole or in part by:
 (a) A belief that a circumstance exists which increases the probability of detection or apprehension of the defendant or another or which makes more difficult the consummation of the crime; or
 (b) A decision to postpone the crime until another time or to substitute another victim or another but similar objective.

*other grounds by Nicholas v. People,* 973 P.2d 1213 (Colo.1999) (finding that the facts of the case did not support an abandonment defense); *Johnson,* 585 P.2d at 307–08 (finding that the evidence supported the theory of abandonment, and therefore, an instruction on the affirmative defense of abandonment should have been given). Volumes of scholarly work could be devoted to the topic,[2] but the core of the issue before this Court is: what evidence must the defendant put forth to raise an affirmative defense of abandonment? To address that issue, we look to section 18–1–407, C.R.S. (2011).

### B. Section 18–1–407—Affirmative Defenses

■ ¶ 11 "The General Assembly is vested with constitutional authority not only to define criminal conduct and to establish the legal components of criminal liability but, as well, to delineate statutory defenses and bars to criminal prosecution." *Lybarger v. People,* 807 P.2d 570, 580 (Colo.1991) (citation omitted). Thus, in construing defenses to crimes, we first look to the criminal code. Section 18–1–407(1) mandates what a defendant must establish to raise an affirmative defense:

> "Affirmative defense" means that unless the state's evidence raises the issue involving the alleged defense, the defendant, to raise the issue, shall present *some credible evidence* on that issue.

(emphasis added). *See also People v. Garcia,* 113 P.3d 775, 783 (Colo.2005) (holding that, in order to submit the affirmative defense to the jury, a defendant must offer proof which constitutes "some credible evidence" of the affirmative defense of involuntary intoxication); *Lybarger,* 807 P.2d at 579. When defense counsel has raised the issue of an affirmative defense, the prosecution must establish the guilt of the defendant beyond a reasonable doubt as to that issue as well as to all other elements of the offense. § 18–1–407(2); *Lybarger,* 807 P.2d at 579.

■ ¶ 12 The "some credible evidence" standard requires little evidence for submitting an affirmative defense to the jury. For example, in *People v. Saavedra–Rodriguez,* 971 P.2d 223, 227–28 (Colo.1998), the Court used the terms "a scintilla of evidence" and "[s]ome credible evidence" interchangeably when considering the quantum of evidence necessary to raise an affirmative defense of an independent intervening act relieving the defendant of liability for criminal homicide.

■ ¶ 13 The question of whether the defendant has presented "some credible evidence" of an affirmative defense is a question of law and thus must be resolved by the trial court. *Lybarger,* 807 P.2d at 579. Therefore, if the trial court determines as a matter of law that no evidence exists in the record to support an affirmative defense, then the instruction need not be presented to the jury because there is no issue of fact for the jury to resolve. *People v. Hill,* 934 P.2d 821, 826 (Colo.1997). This Court reviews such determinations de novo. *See Traubert,* 625 P.2d at 993.

### C. Application

¶ 14 We now turn to whether the defense presented some credible evidence to support an instruction on the affirmative defense of abandonment in the case at hand. At the close of evidence, O'Shaughnessy requested that the jury be given an instruction on the affirmative defense of abandonment which read:

> It is an affirmative defense to the crime of criminal attempt that the defendant abandoned his effort to commit the crime or otherwise prevent its commission, under circumstances manifesting the complete and voluntary renunciation of his criminal intent.

O'Shaughnessy asserts that he was entitled to the instruction with regard to both attempted aggravated robbery and attempted first degree murder.

---

**2.** *See, e.g.,* W. LaFave & A. Scott, Substantive Criminal Law § 11.5(b) at 249 (2d ed. 2003) ("it would hardly do to excuse the defendant from attempted murder after he had wounded the intended victim"); R. Perkins & R. Boyce, Criminal Law 656 (3d ed. 1982) ("Attempted murder cannot be purged after the victim has been wounded, no matter what may cause the plan to be abandoned.").

#### 1. Attempted Aggravated Robbery

¶ 15 The criminal code provides that a person is guilty of aggravated robbery if during the act of robbery or immediate flight therefrom ... he knowingly wounds or strikes the person robbed ... with a deadly weapon or by the use of force, threats, or intimidation with a deadly weapon knowingly puts the person robbed ... in reasonable fear of death or bodily injury.

§ 18–4–302(1)(b), C.R.S. (2011). The requirement of the attempt statute quoted above, section 18–2–101, must also be met to satisfy a charge of attempted aggravated robbery.

¶ 16 Here, uncontroverted evidence showed that O'Shaughnessy knowingly struck and wounded David in the process of attempting to rob her. He stabbed her six times with a hunting knife while demanding money. While doing so, he used force, threats, and intimidation by telling her she was "going to die," while wielding the knife.

¶ 17 Given these undisputed facts, O'Shaughnessy failed to present some credible evidence that he abandoned his effort to commit the crime under circumstances manifesting the complete and voluntary renunciation of his criminal intent. Accordingly, we agree with the trial court's determination, as a matter of law, that O'Shaughnessy did not raise an affirmative defense of abandonment to the charge of attempted aggravated robbery.

#### 2. Attempted First Degree Murder

¶ 18 O'Shaughnessy also asserts that he was entitled to a jury instruction on the affirmative defense of abandonment with respect to the charge of attempted first degree murder.[3]

3. § 18–3–102(1)(a), C.R.S. (2011):
 (1) A person commits the crime of murder in the first degree if:
 (a) After deliberation and with the intent to cause the death of a person other than himself, he causes the death of that person or of another person.

4. We reject, however, the bright-line rule announced by the court of appeals that the affirmative defense of abandonment is not available

¶ 19 O'Shaughnessy asserts that there was some evidence in the record that he abandoned the attempt to murder David when he stopped the assault, asked for money, and then walked away. To the contrary, the undisputed evidence at trial is that in the course of thirty to sixty seconds the assailant stabbed the victim six times, including four times in and near the throat; verbally threatened her life; and demanded money. The victim also testified that she fought her attacker throughout the incident. In addition, there was undisputed testimony that the defendant asked others to lie about his whereabouts that morning and changed his appearance and clothes immediately following the attack.

¶ 20 We hold that the evidence did not satisfy the threshold requirement of some credible evidence of abandonment of attempted first degree murder. A defendant must present some affirmative evidence of his abandonment of the crime to raise the defense. The defendant's mere withdrawal—particularly when faced with resistance by the victim—before completing the murder or the robbery is insufficient evidence of abandonment.[4] Because the defendant did not present some credible evidence of abandonment, the defendant was not entitled to a jury instruction on an affirmative defense on that issue. Accordingly, we affirm the judgment of the court of appeals.

once the defendant injures the victim. *O'Shaughnessy,* —— P.3d at —— ——. Instead, we hold that to present an affirmative defense for jury consideration, the defendant must present "some credible evidence" on the issue involving the claimed defense. Nonetheless, we agree that here the defendant was not entitled to a jury instruction on the affirmative defense of abandonment because the defendant failed to meet the requirement.