24CA1938 Peo v Flores 02-05-2026

COLORADO COURT OF APPEALS

---

Court of Appeals No. 24CA1938
El Paso County District Court No. 19CR3182
Honorable Marcus S. Henson, Judge

---

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Jason A. Flores,

Defendant-Appellant.

---

ORDER AFFIRMED

Division I
Opinion by JUDGE LUM
J. Jones and Meirink, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced February 5, 2026

---

Philip J. Weiser, Attorney General, Wendy J. Ritz, First Assistant Attorney General, Denver, Colorado, for Plaintiff-Appellee

Jason A. Flores, Pro Se

¶ 1     Defendant, Jason A. Flores, appeals the district court's order denying his Crim. P. 35(a) motion to correct an illegal sentence. We affirm.

## I.     Background

¶ 2     The People charged Flores with numerous criminal counts stemming from an incident that occurred while police officers were attempting to execute arrest and search warrants at the house where Flores was staying. The probable cause affidavit alleged that Flores began firing a handgun at the officers, who described hearing "bullets whizzing past them." After Flores was taken into custody, he admitted to shooting "his gun through the window" and described firing "three shots out of three different locations in the residence," that is, three shots at each location.

¶ 3     Pursuant to a plea agreement, Flores pleaded guilty to three counts each of first degree assault and menacing. Each of the six charged counts named a different victim. Flores also pleaded guilty to three crime of violence counts corresponding to the first degree assault charges, and he stipulated to consecutive sentencing for those charges. In exchange, the prosecution agreed to dismiss the remaining counts subject to the payment of restitution.

¶ 4 The district court accepted the plea and, consistent with the plea agreement, imposed consecutive sentences for the three first degree assault counts. (The first degree assault sentences were imposed consecutive to each other but concurrent with the three menacing counts.)

¶ 5 Roughly three years later, Flores filed a pro se Crim. P. 35(a) motion asserting that his first degree assault sentences were not authorized by law. As we understand him, he first argued that his first degree assault sentences must merge because the first degree assault statute contemplates a unit of prosecution based on a continuous course of conduct and "requires a court to punish a defendant for a single involvement regardless of the number[] of counts charged." Alternatively, he argued that section 18-1-408(3), C.R.S. 2025, mandated concurrent sentencing for his first degree assault convictions because they were based on identical evidence arising from the same criminal episode. Last, he asserted — albeit in cursory fashion — that his plea was not knowingly and intelligently made because he did not understand "why concur[r]ent or consecutive sentences would be imposed for a[ ]single continu[ous] act."

2

¶ 6 The district court denied relief, first noting that Flores's plea agreement contemplated consecutive sentences for the first degree assault convictions. The court also determined that the crime of violence statute required consecutive sentencing for Flores's first degree assault convictions. Flores appeals.

## II. Applicable Law and Standard of Review

¶ 7 A "court may correct a sentence that was not authorized by law or that was imposed without jurisdiction at any time and may correct a sentence imposed in an illegal manner within the time provided . . . for the reduction of sentence," currently 126 days. Crim. P. 35(a), (b). A sentence is "not authorized by law" if it is inconsistent with the statutory scheme outlined by the legislature. *People v. Wenzinger*, 155 P.3d 415, 418 (Colo. App. 2006).

¶ 8 The denial of a Crim. P. 35(a) claim asserting, as pertinent here, that a sentence was not authorized by law presents a question of law that we review de novo. *Tennyson v. People*, 2025 CO 31, ¶ 23.

## III. Flores's Consecutive Sentences Were Authorized by Law

¶ 9 Although difficult to discern, we conclude that Flores reasserts a claim that his consecutive sentences for first degree assault are

not authorized by law because they arose from the same criminal episode and were based on identical evidence. We reject this claim.

¶ 10    A sentencing court generally has the discretion to impose either concurrent or consecutive sentences. *People v. Espinoza,* 2020 CO 43, ¶ 8. However, when a defendant is convicted of two or more "separate crimes of violence arising out of the same incident," the sentences for each crime of violence must run consecutively rather than concurrently. *Id.* at ¶ 9 (citation omitted); *see* § 18-1.3-406(1)(a), C.R.S. 2019. Section 18-1-408(3), on the other hand, requires concurrent sentencing for crimes "based on the same act or series of acts arising from the same criminal episode" when such crimes are based on identical evidence. § 18-1-408(2), (3). Although the supreme court hasn't specifically resolved the issue, *see Espinoza,* ¶ 10, divisions of this court have held that crimes of violence are "separate" to the extent that they don't rest on "identical evidence" within the meaning of section 18-1-408(3). *See People v. O'Shaughnessy,* 275 P.3d 687, 697 (Colo. App. 2010), *aff'd,* 2012 CO 9; *People v. Trujillo,* 114 P.3d 27, 33 (Colo. App. 2004).

¶ 11    Flores appears to assert that, because his first degree assault convictions arose from a single volitional act — his single "3 sec. burst" of gunfire — they are based on identical evidence and require concurrent sentencing. But "[a] sentencing court is mandated to impose concurrent sentences only when the evidence will support no other reasonable inference than that the convictions were based on identical evidence." *Juhl v. People*, 172 P.3d 896, 900 (Colo. 2007). And here, the record is far from clear that this is the case. Indeed, as noted, the probable cause affidavit reflects Flores's admission that he fired his gun three times each from three different locations in the house. *See People v. Maestas*, 224 P.3d 405, 409 (Colo. App. 2009) (where there is factual support for a defendant's guilty pleas, the question of whether the evidence supporting the pleas is identical can be determined by examining evidentiary sources in the record, such as the arrest warrant affidavit); *Juhl*, 172 P.3d at 898 (evidence is not identical, and concurrent sentences are not required under section 18-1-408(3), if the convictions are based on "multiple acts separated by time or place").

¶ 12    But in any event, offenses like first degree assault, "defined in terms of their victimization of another and committed against different victims are not capable of being proved by identical evidence" regardless of "whether or not the defendant's volitional act causing harm was the same." *Espinoza*, ¶¶ 13, 21; *see* § 18-3-202(1)(e), C.R.S. 2025 (first degree assault is categorized as an offense against the person and requires "intent to cause serious bodily injury upon the person of a peace officer" by threatening said person with a deadly weapon); *see also People v. Lowe*, 2020 COA 116, ¶ 59 (first degree assault convictions naming two different peace officers were not based on identical evidence where defendant brandished a knife while engaged in a scuffle with both of them).

¶ 13    Consequently, in this case, the district court correctly rejected Flores's claim that his consecutive first degree assault sentences were not authorized by law.

¶ 14    To the extent he reasserts it, we are not persuaded otherwise by Flores's claim related to the unit of prosecution for first degree assault. As we understand his motion, he claimed that the offense of first degree assault is defined as a continuing course of conduct and therefore his three first degree assault convictions must merge.

We note that the doctrine of merger sounds in the constitutional prohibition against double jeopardy, and such constitutional issues are not cognizable under Crim. P. 35(a). *See People v. Henderson*, 810 P.2d 1058, 1062 (Colo. 1991) (merger is "analyzed under double jeopardy principles"); *People v. Collier*, 151 P.3d 668, 672 (Colo. App. 2006) (Crim. P. 35(c) is "the only rule that provides for relief for constitutional claims.").

¶ 15    Nonetheless, as the People point out, "[t]he doctrine of continuing crimes can apply only where the General Assembly has unmistakably communicated its intent to create such an offense." *People v. McMinn*, 2013 COA 94, ¶ 29 (citation omitted). We perceive no such unmistakable intent in the first degree assault statute, and Flores cites no applicable authority to suggest otherwise.

IV.    Claims Raised for the First Time on Appeal

¶ 16    For the first time on appeal, Flores asserts several new claims. He contends that, in resolving his Crim. P. 35(a) motion, the district court was required to sua sponte address (1) the "highly provoking" circumstances and police conduct that led to his actions at the time of the incident; (2) mitigating and exculpatory sentencing factors;

and (3) plea counsel's alleged ineffectiveness. He also suggests that the court should have addressed the proportionality of his sentence. And, as we understand him, he claims that the Department of Corrections failed to transmit a violent offender report, depriving the sentencing court of the opportunity to modify his sentence.

¶ 17 Because Flores raised none of these issues to the district court, we will not address them. *People v. Cali*, 2020 CO 20, ¶ 34 ("[W]e will not consider issues not raised before the district court in a motion for postconviction relief.").

## V. Disposition

¶ 18 The order is affirmed.

JUDGE J. JONES and JUDGE MEIRINK concur.