**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**David Anthony WILLIAMS, Defendant–Appellant.**

**No. 96CA0778.**

Colorado Court of Appeals, Div. V.

Dec. 11, 1997.

Rehearing Denied Jan. 22, 1998.

Petition for Cert. Denied and Cross-Petition Granted Aug. 24, 1998.

534

Gale A. Norton, Attorney General, Martha Phillips Allbright, Chief Deputy Attorney General, Richard A. Westfall, Solicitor General, Elizabeth Rohrbough, Assistant Attorney General, Denver, for Plaintiff–Appellee.

David F. Vela, Colorado State Public Defender, Karen N. Taylor, Deputy State Public Defender, Denver, for Defendant–Appellant.

Opinion by Judge KAPELKE.

Defendant, David Anthony Williams, appeals from a judgment of conviction entered on a jury verdict finding him guilty of attempted robbery, first degree criminal tres-

pass, and third degree assault. He challenges the sufficiency of the information and also urges that the trial court erred by failing to instruct the jury, *sua sponte*, on the defense of intoxication and by giving an improper jury instruction on the criminal trespass count. In addition, he asserts that reversal is required as a result of improper remarks made by the prosecution during closing argument. We affirm in part, reverse in part, vacate the sentence, and remand with directions.

According to the prosecution's evidence, on July 18, 1995, defendant and a companion had been drinking alcohol near a liquor store and asking customers for money. As the victim was walking from the liquor store to his car in the parking lot, defendant approached him and asked him for spare change. When the victim refused his request, defendant followed him to the car and tried to prevent him from shutting the car door. Defendant then hit the victim in the mouth, leaned into the car, turned off the ignition, and went through the victim's pockets and athletic bag. Nothing was taken. At that point defendant's companion came up to the passenger side of the car, and the victim received numerous additional blows to his head.

A security guard from the liquor store pulled defendant and his companion away from the victim's car and restrained defendant until the police arrived.

## I.

Defendant contends that the count of the information charging first degree criminal trespass was fatally defective because it failed to allege the specific crime he intended to commit when he entered the victim's car. We agree.

The ultimate test for determining the sufficiency of an information is whether it is specific enough to enable a defendant to prepare his or her defense and to bar any further prosecutions for the same offense. *People v. Hunter,* 666 P.2d 570 (Colo.1983).

Although objections to the form of an information are waived if not raised prior to trial, *People v. Hunter, supra,* a substantive defect may be raised at any time in the proceedings because it is jurisdictional in nature. Crim. P. 12(b)(2); *Gomez v. People,* 162 Colo. 77, 424 P.2d 387 (1967).

Absent a clear and specific incorporation by reference, each count in an information must be judged independently. *Martinez v. People,* 163 Colo. 503, 431 P.2d 765 (1967). An information that fails to allege an essential element of the crime charged is fatally defective, rendering a conviction on such charges void. *Gomez v. People, supra.* See also *People v. Garner,* 187 Colo. 294, 530 P.2d 496 (1975).

Here, the first degree criminal trespass count of the information alleged that defendant entered the motor vehicle of another "with the intent to commit a crime therein." It does not specify, however, what crime defendant intended to commit.

The pertinent portion of the first degree criminal trespass statute, § 18-4-502, C.R.S. 1997, provides that: "A person commits the crime of first degree criminal trespass if such person ... enters any motor vehicle ... with intent to commit a crime therein."

Our supreme court has held that informations charging burglary are fatally defective if they fail to enumerate the ulterior crime that the defendant intended to commit. *Gomez v. People, supra; Martinez v. People, supra.*

The criminal trespass charge here is defective for that same reason. Like burglary, criminal trespass requires an intent to commit an ulterior crime; however, the criminal trespass count here failed to identify such crime.

The supreme court has further determined that the failure to allege the ulterior crime is a *substantive* defect and thus can be raised at any time in the proceedings. *Gomez v. People, supra.* Therefore, we reject the prosecution's contention that defendant is precluded from raising the issue for the first time on appeal.

We also reject the prosecution's argument that the other two counts of the information—alleging attempted robbery and as-

sault—adequately apprised defendant of the ulterior crimes he is alleged to have intended to commit. As noted above, in *Martinez v. People, supra,* the supreme court held that, absent an incorporation by reference to the other counts, each count of an information must be judged independently. Hence, the other charges set out in the information do not cure the deficiency in the criminal trespass count.

Furthermore, the prosecutor's reliance on *People v. Jiron,* 44 Colo.App. 246, 616 P.2d 166 (1980) is misplaced. There, a division of this court found that an information charging *attempted* burglary was sufficient because it recited the elements of the inchoate crime of attempt in the language of the statute. In determining that the information there was sufficient, however, the division distinguished the cases sustaining challenges to informations that charged *burglaries,* rather than attempts.

Here, the information charges a first degree criminal trespass, rather than an attempted criminal trespass. We thus find *Jiron* to be inapposite.

We therefore conclude that the first degree criminal trespass conviction must be reversed and the sentence vacated.

## II.

Next, defendant contends that the trial court erred by failing to instruct the jury, *sua sponte,* on the affirmative defense of intoxication. We disagree.

Since the defendant did not request such an instruction in the trial court, the applicable standard of review is plain error. Crim. P. 52(b). Plain error exists only if, after reviewing the entire record, we can say with fair assurance that the error so undermined the fundamental fairness of the trial itself as to cast serious doubt on the judgment of conviction. *Wilson v. People,* 743 P.2d 415 (Colo.1987).

Defendant argues that because there was evidence he was intoxicated at the time the crimes were committed, the trial court had a duty to instruct the jury on intoxication as a defense.

We find *People v. Close,* 867 P.2d 82 (Colo.App.1993) dispositive of this issue. There, as here, the defendant's theory of defense was that he had not committed the crime. Specifically, defendant's theory here was that it was his companion who had engaged in the criminal conduct. Pursuing an intoxication defense would have been inconsistent with that theory and the defense's trial strategy. Thus, because the defendant's failure to tender instructions on intoxication may well have been pursuant to a tactical decision by counsel, we find no error in the trial court's failure to give such an instruction.

## III.

Defendant next contends that the prosecutor improperly commented on the credibility of certain witnesses during closing argument. We disagree.

Since the defendant failed to object to the comments in the trial court, our review is again for plain error.

Defendant asserts that, by referring to the victim at one point as "my victim" and at another point as "our victim," and by calling the prosecution witnesses "your witnesses," the prosecutor improperly expressed a personal opinion as to the credibility of the victim and the other prosecution witnesses.

It is improper for a prosecutor to express a personal belief in the truth or falsity of a witness' testimony. *Wilson v. People, supra.* However, the comments made by the prosecutor here simply did not amount to an expression of such a personal belief. Accordingly, we find no error here.

## IV.

Finally, for purpose of guidance if the criminal trespass charge is refiled, we address defendant's contention that the trial court gave an erroneous jury instruction on criminal trespass. Defendant argues that the criminal trespass jury instruction should have required the jury to find that defendant's entry into the victim's motor vehicle was "knowing and unlawful." We disagree.

Section 18–4–502, C.R.S.1997, states, in pertinent part:

A person commits the crime of first degree criminal trespass if such person knowingly and unlawfully enters or remains in a dwelling of another *or* if such person enters any motor vehicle with intent to steal anything of value or with intent to commit a crime therein. (emphasis added)

The jury instruction here tracked the language of the pattern jury instruction, *COLJI–Crim.* No. 17:02 (1983), and listed the following elements as necessary to a conviction of defendant for first degree criminal trespass:

1. That the defendant,

2. in the State of Colorado, at or about the date and place charged,

3. entered the motor vehicle of [the victim],

4. with the intent to commit a crime therein.

The first degree criminal trespass statute delineates two distinct offenses. *See COLJI–Crim.* No. 17:02 (1983) (Notes on Use). To be convicted under the first part, a person must "knowingly or unlawfully enter or remain in a dwelling." However, a conviction under the second part, as applicable here, requires only proof that a person entered a motor vehicle "with the intent to commit a crime therein." Section 18–4–502, C.R.S. 1997.

Thus, while the *mens rea* for the offense of criminal trespass involving a dwelling is "knowing and unlawful," the *mens rea* for criminal trespass involving a motor vehicle is either "an intent to steal anything of value" or an "intent to commit a crime therein." The "knowing and unlawful" element does not apply to the offense of criminal trespass of a motor vehicle.

Defendant relies on *Barreras v. People,* 636 P.2d 686 (Colo.1981) for the proposition that a person must knowingly and unlawfully enter a motor vehicle with the intent to commit a crime. In our view, the language in that opinion referring to "knowing and unlawful" conduct is mere dictum and therefore not binding here. Thus, we find no error in the failure to include an element of "knowing and unlawful" in the jury instructions given by the court on the criminal trespass count.

We note that defendant has not argued, and we therefore do not address, the issue of whether the criminal trespass instructions were deficient for failing to identify the particular ulterior crime defendant was alleged to have intended to commit at the time he entered the victim's car. As discussed above in Part I, the failure to identify such crime or crimes was, however, a fatal defect in the criminal trespass count of the information itself.

The judgment of conviction for first degree criminal trespass is reversed, the sentence is vacated, and the cause is remanded for re-sentencing and any further proceedings consistent with this opinion. The judgment is affirmed in all other respects.

*RULAND* and *CASEBOLT, JJ., concur.*