**The PEOPLE of the State of Colorado,
Plaintiff–Appellee,**

v.

**Donald F. ANDERSON, Jr.,
Defendant–Appellant.**

**No. 98CA0119.**

Colorado Court of Appeals,
Div. IV.

Sept. 30, 1999.

Rehearing Denied Nov. 12, 1999.

Ken Salazar, Attorney General, Barbara McDonnell, Chief Deputy Attorney General, Michael E. McLachlan, Solicitor General, John J. Fuerst, III, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

David F. Vela, Colorado State Public Defender, Andrew C. Heher, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellant.

Opinion by Judge BRIGGS.

Defendant, Donald F. Anderson, Jr., appeals the judgment of conviction entered on a jury verdict finding him guilty of first degree criminal trespass. We reverse and remand for a new trial.

Defendant was arrested and charged after he entered a van owned by a cleaning company and removed personal property belonging to some employees. At trial, defendant asserted the affirmative defense of intoxication.

## I.

Defendant contends the trial court committed reversible error by not permitting defense counsel to argue in closing that defendant could be found guilty only if he had formed the intent to steal at the time he entered the vehicle, and then permitting the prosecutor to argue to the contrary. We conclude that the court erred and reversal is required.

## A.

The statute in effect and applicable here defined the crime of criminal trespass as follows:

> A person commits the crime of first degree criminal trespass if such person knowingly and unlawfully enters or remains in a dwelling of another or *if such person enters any motor vehicle with intent to steal anything of value or commit a crime therein.*

Colo. Sess. Laws 1997, ch. 314, § 18–4–502 at 1443 (emphasis added); *cf.* § 18–4–502, C.R.S.1999 (omitting phrase "to steal anything of value").

In *Cooper v. People*, 973 P.2d 1234 (Colo. 1999), the Colorado Supreme Court reversed a defendant's conviction for second degree burglary. It ruled that the criminal intent necessary to sustain a conviction for burglary under § 18–4–203, C.R.S.1999, must be formed at the time the trespass occurs.

■ Here, the applicable version of § 18–4–502 even more clearly states that, in order to be guilty of first degree criminal trespass of a motor vehicle, the defendant must have entered the vehicle with the unlawful intent. While the trial court did not have the benefit of the supreme court's holding in *Cooper v. People, supra,* we find the rationale in that case controlling. Thus, it was error to permit the prosecutor to argue an incorrect statement of the law.

### B.

It is improper for counsel to misstate or misinterpret the law during closing argument. *People v. Rodriguez,* 794 P.2d 965 (Colo.1990). When a court, upon a proper objection, declines to direct the jury that the prosecutor's version of the instruction is incorrect, the court improperly permits the jury to adopt the prosecutor's version of the law. *Longinotti v. People,* 46 Colo. 173, 102 P. 165 (1909).

As a result, reversal is required unless the error is harmless. *People v. Sepeda,* 196 Colo. 13, 581 P.2d 723 (1978). If a review of the entire record demonstrates a reasonable possibility that a defendant could have been prejudiced by an error, the error cannot be deemed harmless. *See People v. Robinson,* 874 P.2d 453 (Colo.App.1993).

Here, defendant when first seen was sitting in the van. Evidence at trial indicated he had been drinking. No evidence was presented to establish when he began drinking, when he entered the van, or how long he was in the van before he engaged in any further unlawful conduct.

During closing arguments, defense counsel began to tell the jury that the crime of criminal trespass requires that the specific intent to steal must be formed at the time the person enters a motor vehicle. The prosecution objected to this statement. At a sidebar conference, the trial court sustained this objection and stated that the intent to commit the crime could be formed at any time.

In rebuttal argument, the prosecutor stated, "First off, let me clarify something for you. A person enters a van for whatever reason, and they see some items in there that they want to take, whatever it may be, and they take them, that's the crime." The prosecutor later added: "It's not necessary to form the intent before you enter the van or as you enter the van. It is sufficient to get inside and go, oh, yeah, and put them in your pocket. And that is the crime."

The court's rulings thus improperly prevented defense counsel from arguing, for example, that defendant entered the vehicle merely because he was intoxicated and that the intent to steal arose only later. Evidence in the record demonstrates a "reasonable possibility" that the jury could have found that the prosecution had failed to prove to the contrary beyond a reasonable doubt. The prosecutor's argument nevertheless improperly permitted the jury to adopt a version of the law pursuant to which it could find defendant guilty, regardless of when he formed the intent to steal property from the van.

We therefore conclude that the error in the court's rulings cannot be deemed harmless. Hence, the conviction must be reversed and the cause remanded for a new trial.

### II.

Because they are likely to arise again on retrial, we address two other contentions defendant has raised on appeal.

### A.

Defendant contends the trial court erred when it failed to instruct the jury that defendant's entry into the van must have been "unlawful." We disagree.

In *People v. Williams,* 961 P.2d 533 (Colo.App.1997), *rev'd on other grounds,* 984 P.2d 56 (Colo.1999), a division of this court concluded that the same version of § 18–4–502 in question here creates two distinct offenses. Conviction under the first part requires that a person "knowingly or unlawfully enter or remain in a dwelling." However, a conviction under the second part requires only proof that a person entered a motor vehicle with the intent to steal anything of value or with intent to commit a crime therein. As a result, "the 'knowing and unlawful' element does not apply to the offense of criminal trespass of a motor vehicle." *People v. Williams, supra,* 961 P.2d at 537.

We agree with the reasoning and conclusion of the division in *People v. Williams, supra.* We therefore find no error in the trial court's refusal to instruct the jury that defendant's entry into the van must have been "unlawful."

### B.

Defendant asserts the trial court abused its discretion in refusing to grant defendant's motion for recusal. We are not persuaded.

The case against defendant for criminal trespass was set for trial in Division C of the Pueblo County District Court. Defendant was also facing separate charges in Division B of the Pueblo County District Court, for the theft of computer equipment from the Division C courtroom.

Defendant filed a motion requesting that the judge presiding in Division C be replaced by a substitute judge. The basis for the motion was that employees in Division C were listed as witnesses in the theft case pending in Division B. The trial court denied the motion.

The disqualification of judges is governed by § 16–6–201, C.R.S.1999, and Crim. P. 21(b) which, as relevant here, provide the same requirements and proscriptions. Section 16–6–201 provides, in pertinent part:

(1) A judge of a court of record shall be disqualified to hear or try a case if:

. . . .

(b) The offense charged is alleged to have been committed against the person or property of the judge or of some person related to him; or

. . . .

(d) [The judge] is in any way interested or prejudiced with respect to the case, the parties, or counsel.

Initially, we note that recusal was not required under § 16–6–201(1)(b), C.R.S.1999. The alleged criminal trespass was committed against an unrelated third party and, even as to the theft of the computer equipment, the "victim" was not the presiding judge or a relative of that judge.

When considering a motion for recusal in which it is alleged that a judge is prejudiced against a party, the judge must consider both the actuality and appearance of fairness. *People v. Botham*, 629 P.2d 589 (Colo.1981). However, unless it can be reasonably inferred from the facts in the motion and affidavits that any prejudice is such as to prevent the judge from dealing fairly with the party, the motion should be denied. *People v. Arledge*, 938 P.2d 160 (Colo.1997).

Here, nothing in the motion or affidavits suggests that the judge or any employee was present when the crime was committed; that the judge or any employee was in any way personally victimized by the crime; or that the work of the judge or any employee was disrupted by the crime. We cannot say that, merely because the alleged theft was of equipment that had been located in the Division C courtroom, the judge assigned to that division would necessarily be so prejudiced against the party charged with the theft as to be unable to be fair in a future trial of that party on an unrelated charge. Thus, we find no abuse of discretion in the trial court's denial of the motion.

Because the other issues raised on appeal either were not raised at trial or are not likely to arise again in any new trial, we do not address them here.

The judgment of conviction is reversed, and the cause is remanded for a new trial.

Judge RULAND and Judge KAPELKE concur.