**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**William DENTON, Defendant–Appellant.**

No. 01CA2344.

Colorado Court of Appeals, Div. IV.

Aug. 14, 2003.

As Modified on Denial of Rehearing Sept. 18, 2003.

Certiorari Denied June 1, 2004.

Ken Salazar, Attorney General, Melissa D. Allen, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

David S. Kaplan, Colorado State Public Defender, Katherine Brien, Deputy State

Public Defender, Denver, Colorado, for Defendant–Appellant.

Opinion by Judge GRAHAM.

Defendant, William Denton, appeals the judgment of conviction entered upon jury verdicts finding him guilty of theft, first degree aggravated motor vehicle theft, and theft by receiving. Defendant also appeals the mandatory parole component of his habitual criminal sentence. We affirm the judgment of conviction for first degree aggravated motor vehicle theft and vacate the convictions and sentences for theft and theft by receiving. We also vacate the mandatory parole component of defendant's habitual criminal sentence and remand for entry of an amended mittimus indicating that defendant is subject to discretionary parole.

## I.

■ Defendant first argues that the evidence is insufficient to support the jury's verdicts. We disagree.

■ When assessing the sufficiency of the evidence in support of a finding of guilt, a reviewing court must determine whether any rational trier of fact might accept the evidence, taken as a whole and in the light most favorable to the prosecution, as sufficient to support a finding of the accused's guilt beyond a reasonable doubt. In applying this standard, we must give the prosecution the benefit of every reasonable inference that might fairly be drawn from the evidence. *People v. Gonzales,* 666 P.2d 123, 127–28 (Colo.1983).

"A person commits theft when he knowingly obtains or exercises control over anything of value of another without authorization ... and ... [i]ntends to deprive the other person permanently of the use or benefit of the thing of value...." Section 18–4–401(1)(a), C.R.S.2002. Theft is a class 4 felony when "the value of the thing involved is five hundred dollars or more but less than fifteen thousand dollars." Section 18–4–401(1)(a), (2)(c), C.R.S.2002.

"A person commits aggravated motor vehicle theft in the first degree if he or she knowingly obtains or exercises control over the motor vehicle of another without authorization ... and ... [r]emoves the motor vehicle from this state for a period of time in excess of twelve hours...." Section 18–4–409(2)(g), C.R.S.2002.

"[A] person commits theft by receiving when he receives [or] retains ... anything of value of another, knowing or believing that said thing of value has been stolen, and when he intends to deprive the lawful owner permanently of the use or benefit of the thing of value." Section 18–4–410(1), C.R.S.2002. The offense is a class 4 felony when "the value of the thing involved is five hundred dollars or more but less than fifteen thousand dollars." Section 18–4–410(1), (4), C.R.S.2002.

Here, the trial evidence, when viewed according to the foregoing standards, establishes the following facts. The victim parked her car with the keys in the ignition and returned that afternoon to discover that it was missing. The victim testified that she had purchased the car approximately six months earlier for $1200 and that it was worth at least $1000 on the day it was stolen. The victim further testified that she did not know defendant and that she had not given him permission to drive her car.

A friend of defendant testified that, on the morning after the victim's car was stolen, defendant arrived at his house in Wyoming driving a car. Defendant's friend went for a drive in the car with defendant. At approximately 12:30 p.m., the men were parked alongside a road when defendant spotted a police car and "panicked." As the police car approached, defendant drove off the road and became stuck. Defendant told his friend that the "car may be stolen" and then fled from the scene on foot. When the police officer checked the registration of the car, he determined that it belonged to the victim.

Before trial, defendant tried to persuade his friend to testify falsely that he did not recall the events in question.

At trial, a prosecution witness testified that defendant lived approximately one quarter of a mile from the place where the victim had parked her car on the day that it was stolen.

Based on this evidence, a reasonable jury could have found beyond a reasonable doubt that defendant took the victim's car without her authorization, that he did so with the intent to deprive her permanently of its use, and that he removed the car from Colorado for more than twelve hours. A reasonable jury also could have found that the car was worth more than five hundred dollars and less than fifteen thousand dollars. *See People v. Bornman*, 953 P.2d 952, 955 (Colo.App. 1997)(in theft prosecution, vehicle owner's testimony was competent to establish the value of the stolen vehicle). Accordingly, we conclude the evidence is sufficient to support the jury's verdicts.

## II.

■ Defendant next argues that the trial court erred in finding that the prosecution had not committed a discovery violation by failing to disclose certain oral statements that the victim made to a police officer and to the prosecutor. Again, we disagree.

■ The resolution of discovery issues is generally committed to the sound discretion of the trial court, and its determination will not be overturned on review absent an abuse of discretion or infringement of the constitutional rights of the accused. *People v. Trujillo*, 15 P.3d 1104, 1107 (Colo.App.2000).

In *People v. Garcia*, 627 P.2d 255 (Colo. App.1980), and *People v. Graham*, 678 P.2d 1043, 1047 (Colo.App.1983), divisions of this court held that Crim. P. 16 does not require the prosecution to reduce oral interviews with witnesses to writing and to provide the written version to defense counsel. At the time of those decisions, Crim. P. 16(I)(a)(1)(I), required that the following material be provided: "The names and addresses of persons whom the prosecuting attorney intends to call as witnesses at the hearing or trial, together with their relevant written or recorded statements."

Defendant contends that *People v. Garcia, supra,* and *People v. Graham, supra,* have been effectively overruled because Crim. P. 16(I)(a)(1)(I) has since been amended and now states that the prosecuting attorney shall make available to the defendant "[p]o-lice, arrest and crime or offense reports, including statements of all witnesses." According to defendant, the phrase "including statements of all witnesses" requires the prosecution to disclose unrecorded oral statements of witnesses. We are not persuaded.

In our view, the current Crim. P. 16(I)(a)(1)(I) only requires the prosecution to provide the defense with the written statements of witnesses or any written reports that quote or summarize oral statements made by witnesses. If the supreme court had intended the amendment of Crim. P. 16(I)(a)(1)(I) to require the disclosure of unrecorded oral statements, then it would have so specified as it did elsewhere in Crim P. 16. *See, e.g.,* Crim. P. 16(I)(a)(1)(VIII) (the prosecuting attorney shall make available "the substance of any oral statements made to the police or prosecution by the accused or by a codefendant, if the trial is to be a joint one").

Here, defendant's ex-wife testified concerning defendant's actions on the day that the victim's car was stolen. In cross-examination, the prosecutor asked whether she had attempted to persuade the victim to drop the charges or alter her opinion as to the value of the vehicle. The witness admitted that she had contacted the victim, though she denied having done so for the purposes asserted by the prosecutor.

In the prosecution's rebuttal case, the victim testified that defendant's ex-wife had tried to persuade her to drop the charges and had urged her to testify falsely concerning the value of her vehicle. The victim further testified that she had reported this incident to the police.

Defendant objected to the victim's rebuttal testimony, arguing that the prosecution had committed a discovery violation by failing to disclose the substance of the conversation between defendant's ex-wife and the victim. In response, the prosecutor informed the court that the victim had only told him about the conversation the previous day and that, to the best of his knowledge, no police report had been generated memorializing the victim's description of the conversation. The trial court found that the prosecution had not committed a discovery violation because defendant had failed to show that the police

officer to whom the victim had spoken ever prepared a written report about the conversation.

We conclude the record supports the trial court's determination. *See People v. Vollentine,* 643 P.2d 800 (Colo.App.1982)(where rebuttal testimony is not introduced to refute a defense, but is introduced to impeach a defense witness's credibility, the prosecution need not disclose identity of rebuttal witness). Although we acknowledge that "the prosecution cannot circumvent an obligation to disclose exculpatory information by deliberately avoiding taking notes or reducing statements to writing," *People v. Anderson,* 837 P.2d 293, 299 (Colo.App.1992), the victim's statements relating her conversation with defendant's ex-wife were not exculpatory, and nothing in the record suggests that the prosecutor or the police officer deliberately refrained from reducing the victim's statements to writing in order to avoid a discovery obligation. Accordingly, we perceive no abuse of discretion in the trial court's ruling.

### III.

■ Defendant contends the trial court committed reversible error by admitting a certified document establishing a prior conviction that he denied during cross-examination. We are not persuaded.

■ A ruling admitting evidence is not reversible unless it affects a substantial right of the party against whom it is made. Crim. P. 52. If a reviewing court can say with fair assurance that, in light of the entire record of the trial, the error did not substantially influence the verdict or impair the fairness of the trial, the error may properly be deemed harmless. *People v. Stewart,* 55 P.3d 107, 124 (Colo.2002).

Here, during direct examination, defendant testified that he had prior separate convictions for forgery, theft, robbery, and providing false information to obtain a firearm.

During cross-examination, the prosecutor asked defendant where he had been convicted of robbery. Defendant testified that he had been convicted in Nebraska. The prosecutor then asked defendant whether he had

also been convicted of robbery in Illinois. Defendant testified that he had not. Over defendant's objection, the trial court admitted a certified record of defendant's Illinois robbery conviction. The certified documents contained a brief factual summary of the offense, which described how defendant, acting without a weapon, pushed a convenience store teller aside and grabbed money from the cash register.

We agree with defendant that the extraneous information concerning the facts of his Illinois robbery conviction constituted hearsay and should not have been admitted. However, we are convinced that this error was harmless because the information described a nonviolent offense and the jury was already aware that defendant had several prior convictions. Furthermore, to the extent that defendant's claim is grounded on an alleged violation of his constitutional right to due process, we conclude the evidence of defendant's guilt was so overwhelming that the error was harmless beyond a reasonable doubt. *See People v. Perry,* 68 P.3d 472 (Colo.App.2002)(a constitutional error is harmless when the evidence properly received is so overwhelming that such error was harmless beyond a reasonable doubt).

### IV.

■ Defendant argues, and the People concede, that the trial court erred by entering more than one conviction based on identical evidence. We agree.

■ A defendant cannot be convicted of more than one offense based on identical evidence of the same act in the same criminal episode unless concurrent sentences are imposed against a single victim. *People v. Jurado,* 30 P.3d 769 (Colo.App. 2001); *People v. Dixon,* 950 P.2d 686 (Colo.App. 1997).

■ Although we agree with defendant that the three convictions based on identical evidence in this case cannot all stand, we reject his suggestion that he is entitled to a new trial where the prosecution will be compelled to select one of the three charges. Where multiple convictions are erroneously entered based on identical evidence, the ap-

propriate remedy is to sustain the conviction that gives maximum effect to the jury's verdicts and vacate the duplicate convictions. *People v. Graham, supra,* 53 P.3d at 665; *People v. Johnson, supra.*

Here, all three convictions were for the same class of felony, and the trial court imposed identical concurrent sentences. Therefore, our selection of the conviction to sustain will not affect defendant's punishment. Because we agree with the People that defendant's conviction for first degree aggravated motor vehicle theft best describes his criminal conduct, we vacate the convictions for theft and theft by receiving as well as the sentences imposed in conjunction with those convictions.

## V.

 Finally, defendant asserts that, because he was sentenced as a habitual criminal, the trial court erred by imposing a period of mandatory parole rather than ordering discretionary parole. We agree. *See People v. Falls,* 58 P.3d 1140, 1141 (Colo.App.2002)(persons sentenced as habitual criminals are subject to the discretionary parole period established by §§ 17–2–201(5)(a), 17–2–213, C.R.S.2002, rather than the mandatory parole period provided in §§ 17–22.5–403(7), 18–1.3–401(1)(a)(V), C.R.S.2002). On remand the trial court must amend the mittimus accordingly.

The judgment of conviction for first degree aggravated motor vehicle theft is affirmed. The judgment of conviction for theft and theft by receiving, the sentences imposed on those convictions, and the mandatory parole component of defendant's habitual criminal sentence are vacated. The case is remanded to the trial court with directions to enter an amended mittimus reflecting only the conviction for first degree aggravated motor vehi-

cle theft and specifying that defendant is subject to discretionary parole.

Judge NIETO and Judge PLANK * concur.