The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Roger L. JACOBS, Defendant–Appellant.

No. 01CA1947.

Colorado Court of Appeals, Div. V.

Dec. 31, 2003.

Rehearing Denied Feb. 12, 2004.

Certiorari Denied June 14, 2004.

Ken Salazar, Attorney General, Paul Koehler, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

David S. Kaplan, Colorado State Public Defender, Jason C. Middleton, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellant.

Opinion by Justice ERICKSON.*

Defendant, Roger L. Jacobs, appeals the judgment of conviction entered upon jury verdicts finding him guilty of two counts of soliciting for child prostitution. He also appeals the indeterminate sentence of twenty-five years to life imposed by the court. We affirm the judgment, but reverse the sentence and remand to the trial court for resentencing.

A detective in California set up an Internet site at which he offered "very young, very attractive escorts." Defendant e-mailed the detective and inquired about contacts in the Denver area. Defendant and the detective exchanged nearly thirty e-mails. In the e-mails, defendant stated that he was Roger Jacobs and lived in Westminster, Colorado. He said he was interested in teenage girls "with an emphasis on the VERY young" and the "Slim/waifish" body type.

The detective responded that his escort service included girls aged six to thirteen. Defendant indicated that he wanted a partner with whom he could engage in various types of sex.

In response to defendant's request, the detective sent defendant a picture of "Kimmie," who he told defendant was twelve years old. Defendant told the detective that he liked her and subsequently sent the detective a picture of himself, as well as a picture of the type of young girl with whom he would like to have sex.

Subsequent e-mails were exchanged between the two, discussing the logistics of meeting "Kimmie," and defendant suggested that perhaps "Kimmie" could engage in group sex with members of a college fraternity. Defendant described in detail the sex acts he wanted to perform with "Kimmie."

On January 21, 1999, the detective called defendant, after defendant paged him twice. Defendant said that he was satisfied with the arrangements concerning "Kimmie." Defendant also suggested two nearby hotels in the Westminster area for his "date" with "Kimmie." During their discussion, the detective described "Kimmie" as a twelve-year-old who was about five feet tall, weighed eighty pounds, and had almost no breasts or pubic hair. Defendant asked whether "Kimmie"

---

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

§ 24–51–1105, C.R.S.2003.

could handle a "male organ." When the detective answered in the affirmative, defendant replied, "sounds like a plan."

Thereafter, defendant e-mailed the detective, expressing concern that he might actually be dealing with law enforcement, and said that he did not want to pursue the matter any further and that their communications had been nothing but a fantasy.

Defendant was subsequently charged and convicted on two counts of soliciting for child prostitution under § 18–7–402, C.R.S.2003. He was sentenced to an indeterminate sentence in the Department of Corrections with a minimum term of twenty-five years and a maximum of life.

## I.

Defendant first contends the trial court failed to fully and accurately instruct the jury regarding the crime of soliciting for child prostitution. Specifically, he contends that "solicit" has a technical meaning, as embodied in the general solicitation statute, § 18–2–301, C.R.S.2003, and related case law, and that the trial court should have instructed the jury on the general solicitation statute. We disagree.

■ Defendant made no contemporaneous objection to the jury instruction on soliciting for child prostitution. Therefore, his argument must be viewed under a plain error standard. *See* Crim. P. 52(b); *Wilson v. People,* 743 P.2d 415 (Colo.1987). Plain error occurs only when "an appellate court, after reviewing the entire record, can say with fair assurance that the error so undermined the fundamental fairness of the trial itself as to cast serious doubt on the reliability of the judgment of conviction." *Wilson, supra,* 743 P.2d at 420.

Soliciting for child prostitution under § 18–7–402, the crime charged here, is defined as follows:

(1) A person commits soliciting for child prostitution if he:

(a) Solicits another for the purpose of prostitution of a child or by a child; [or]

(b) Arranges or offers to arrange a meeting of persons for the purpose of prostitution of a child or by a child.

The trial court's elemental instructions tracked this statutory language.

■ Contrary to defendant's argument, the statutory elements of the general inchoate offense of solicitation do not apply to the separate substantive offense of soliciting for child prostitution. Like the other inchoate offenses of attempt and conspiracy, §§ 18–2–101, 18–2–201, C.R.S.2003, solicitation is an offense only in relation to a separate substantive felony. *See* § 18–2–301(1). Then it is a felony one class lower than the substantive felony that is the object of the solicitation. *See* § 18–2–301(5), C.R.S.2003.

In contrast, the offense of soliciting for child prostitution is an offense in and of itself with its own statutory elements and its own designated penalty level. *See* § 18–7–402. The Colorado Criminal Code has no separate child prostitution offense that could be the object of a solicitation charge. Soliciting for child prostitution is not an inchoate offense under Article 2 of Title 18; it is a separate substantive criminal offense. Thus, the trial court's failure to instruct the jury on "solicitation" as defined in § 18–2–301 was not error, and certainly not plain error. *See People v. R.V.,* 635 P.2d 892, 894 (Colo. 1981)(an elemental jury instruction tracking the language of the statute is almost always sufficient); *People v. Wilson,* 791 P.2d 1247, 1250 (Colo.App.1990).

## II.

Defendant asserts that, during closing argument, the prosecution misstated the law when it asserted that the affirmative defense of abandonment and renunciation did not apply once defendant had completed commission of the crimes charged. We disagree.

■ Whether closing argument is improper depends on the nature of the comments made and on whether the attention of the jury was directed to something it was not entitled to consider. *See People v. Shepherd,* 43 P.3d 693, 697 (Colo.App.2001). Although counsel may comment on the instructions of law given to the jury, counsel may not mis-

state or misinterpret the law. *People v. Shepherd, supra,* 43 P.3d at 697; *People v. Anderson,* 991 P.2d 319, 321 (Colo.App.1999).

■ The General Assembly has the prerogative to formulate principles of justification or excuse and to limit those defenses to particular crimes. *Hendershott v. People,* 653 P.2d 385, 391 (Colo.1982). The attempt and solicitation statutes expressly state that abandonment and renunciation is an affirmative defense to those inchoate offenses. *See* §§ 18–2–101(3), 18–2–301(4), C.R.S.2003. However, the soliciting for child prostitution statute does not list abandonment and renunciation as an affirmative defense. *See* § 18–7–402.

■ Thus, defendant was not entitled to raise that affirmative defense here. *See generally People v. Scialabba,* 55 P.3d 207, 210 (Colo.App.2002)(concluding that "[a]bsent some legislative intent to apply the [abandonment] defense to tampering with a witness ... it has no application to that crime").

■ Nonetheless, the trial court erroneously gave an instruction to the jury on the defense. Defendant requested the instruction, and it inured to his benefit and cannot support reversal on appeal. *See People v. Quintana,* 882 P.2d 1366, 1375 (Colo.1994).

■ Moreover, the prosecution's closing argument complied with Colorado law. Defendant committed all the elements of solicitation for child prostitution before he sought to abandon or renounce his criminal acts. Defendant could not abandon and renounce the crimes charged after they were completed. *See, e.g., People v. Mason,* 642 P.2d 8, 13 (Colo.1982)(solicitation of prostitution "is complete when the offender solicits another for prostitution [or] arranges or offers to arrange a meeting of persons for the purpose of prostitution"); *Scialabba, supra,* 55 P.3d at 210 (the crime of tampering with a witness is an intentional attempt to interfere with a witness; thus, defendant could not have abandoned the crime of tampering once he had already attempted to influence the witness because the crime was then complete). Thus, we find no reversible error.

III.

■ Defendant also asserts the prosecution failed to present sufficient evidence that he committed a crime within the trial court's jurisdiction. We are not persuaded.

Colorado courts have jurisdiction over offenses if they are committed wholly or partly within the state. *See* § 18–1–201(1)(a), C.R.S.2003.

When the sufficiency of evidence is challenged on appeal, the reviewing court must consider whether, "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979).

Here, the record is replete with evidence that defendant committed all the elements of the crime of soliciting for child prostitution within Colorado's borders. In his e-mails to the detective, defendant repeatedly identified Denver or Westminster, Colorado as the place where the sex acts would occur. He inquired whether there were "any contacts for young attractive female escorts in the Denver (Colorado) metropolitan area." He mentioned that he lived in Westminster, Colorado, "the north end of Denver," and asked when the detective would be "here in the Denver metro area."

We conclude that this evidence, when considered in the light most favorable to the prosecution, is sufficient to establish that defendant committed his crime wholly or partly within Colorado.

IV.

Defendant next contends that the trial court erred when it failed to instruct the jury on verdict unanimity and did not require the prosecution to elect which incidents supported the charges of solicitation for child prostitution. We disagree.

■ Again, because defendant did not request the prosecution to make such an election and failed to submit a unanimity instruction, plain error is the standard. *See Wilson v. People, supra.*

Relying on *Thomas v. People,* 803 P.2d 144 (Colo.1990), defendant argues that when a case presents evidence of many acts, and any one of the acts would independently constitute the offense charged, the prosecution may have to choose the act upon which it relies for a conviction.

However, in *People v. Collins,* 730 P.2d 293 (Colo.1986), the supreme court ruled that where a defendant is charged with crimes occurring in a single transaction, the prosecution is not required to specify the acts which are the basis for the separate counts. *See also People v. Thurman,* 948 P.2d 69 (Colo.App.1997); *People v. Hanson,* 928 P.2d 776 (Colo.App.1996).

▬ The record contains evidence of numerous communications between defendant and the detective, consisting of nearly thirty e-mails and one phone call, but they all concerned arranging one "date." Defendant's various e-mails focused on different aspects of the "date," including cost, length of time, activities, and the like. Thus, under the circumstances here, we agree with the prosecution that, in the aggregate, these communications constituted a single transaction.

▬ We therefore conclude that the charges here originated from a single transaction. As in *Collins,* the trial court did not err in failing to provide the jury with a unanimity instruction, and we find no error, much less plain error.

### V.

▬ Defendant argues that the evidence was insufficient to support his conviction of soliciting for child prostitution under § 18–7–402(1)(b). Defendant contends that the detective, not defendant, "arranged" a meeting with "Kimmie." Again, we disagree.

The evidence in the record overwhelmingly supports the finding that defendant tried to use the detective as his agent to arrange a meeting, as discussed above in part III.

### VI.

▬ Finally, defendant contends, and the prosecution concedes, that the trial court erred by imposing an indeterminate sentence. We agree.

The trial court sentenced defendant to an indeterminate sentence of twenty-five years to life. The court believed it was authorized to impose an indeterminate sentence pursuant to the former § 16–13–804 (now § 18–1.3–1004, C.R.S.2003).

Before a defendant convicted of soliciting for child prostitution can be sentenced to an indeterminate sentence, an assessment must be made that it is likely that the defendant will commit an enumerated sexually violent predator crime under certain specific circumstances. *See* § 18–1.3–1004(4)(a), (b)(IV), C.R.S.2003.

No such assessment was conducted here. Consequently, the trial court should not have sentenced defendant to an indeterminate sentence. We thus reverse the sentence and remand this case to the trial court for imposition of a determinate sentence, or for an assessment pursuant to § 18–1.3–1004(4)(a).

The judgment is affirmed. The sentence is reversed, and the case is remanded further proceedings consistent with this opinion.

Judge CASEBOLT and Judge ROY concur.